IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-98-129-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| MIGUEL ZUNIGA-CARABEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is a letter from Defendant to the Clerk of Court entitled "In Request Successive Lawful" ("Request") (Docket No. 22).  Having reviewed the record, and being otherwise fully informed, the Court enters the following Order denying the Request.

## BACKGROUND

Defendant pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 in return for the Government's agreement to dismiss a charge of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and a charge of money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i).  The PSR established an offense level of

**Memorandum Decision and Order - 1**

35 and a criminal history level of III, which resulted in a guideline range of 210 to 262 months.

On June 14, 1999, the Court granted the Government's motion for a § 5K1.1 departure for substantial assistance and imposed the statutory minimum sentence of 120 months to be followed by 5 years of supervised release.  Defendant did not appeal his conviction or sentence.  Eight years later and approximately six weeks prior to his date of release, Defendant filed the pending Request.  Although the Request was filed June 26, 2007, it did not come to the Court's attention until mid-August.  In response to the Court's inquiry at that time, the Probation Office advised the Court that Defendant had been released and deported on August 3, 2007.

## DISCUSSION

Defendant's Request contains generally vague and conclusory allegations of ineffective assistance of counsel, involuntary plea, prosecutorial misconduct, Vienna Convention violations, and due process violations.  The Request concludes by requesting that the Clerk of Court "please take all the factors/anomalies before mentioned into full consideration and help me overturn and expunge/eradicate the (BICE) deportation detainer that lingers over my head. . . ." *Request*, at p. 6.  Given its context, the Court is unclear whether Defendant's Request was intended

**Memorandum Decision and Order - 2**

to be a challenge to the Bureau of Immigration and Customs Enforcement ("BICE") detainer or was intended to be a motion pursuant to 28 U.S.C. § 2255 collaterally attacking his conviction and sentence. However, regardless of how it is construed, Defendant is not entitled to relief.

### A.    Challenge of BICE Detainer

Because Defendant has been deported, a challenge to the detainer is moot. However, even at the time Defendant filed his Request, this Court would have lacked jurisdiction to determine the validity of the detainer.

The Court would construe any detainer challenge filed in a district court as a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. A § 2241 petition must be filed in the district in which a prisoner is incarcerated rather than in the district in which his sentence was imposed.[1] *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999). Furthermore, a prisoner must be in custody to obtain relief under the habeas statute. *See* 28 U.S.C. § 2241(c). A defendant is not considered in custody for purposes of a § 2241 proceeding by virtue of BICE's decision to lodge a detainer with the prison where he is incarcerated. *See Garcia-Echaverria v. United States*, 376 F.3d 507, 510-11 (6th Cir. 2004); *Zolicoffer v,*

---

[1] On the other hand, a challenged to the legality of a sentence should be filed as a motion pursuant to 28 U.S.C. § 2255 in the case in which the sentence was imposed which necessarily means the district in which the sentence was imposed. *See Id.*

**Memorandum Decision and Order - 3**

*United States Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003); *Orozco v. U.S.I.N.S.*, 911 F.2d 539, 541 (11th Cir. 1990). Not only did Defendant file his Request in the incorrect district, he was not in custody for § 2241 purposes by virtue of the detainer.

**B.     § 2255 Motion**

Title 28 U.S.C. § 2255 provides the mechanism for a federal prisoner to collaterally challenge his conviction or sentence. However, the Court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Rule 4(b) of the Rules Governing Section 2255 Proceedings.*

A § 2255 motion must be filed within one-year from the latest of several potential dates under 28 U.S.C. § 2255 (paragraph 6). The relevant date in this case is the date on which Defendant's judgment of conviction became final which was June 24, 1999, the date that the time for appealing his judgment had passed. *See United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000). Thus, Defendant was required to file a § 2255 motion by June 24, 2000 if he intended to challenge his conviction or sentence. Defendant did not do so until seven years after that date. Therefore, absent equitable tolling, to the extent the Request is construed as a § 2255 motion, it is time-barred.

**Memorandum Decision and Order - 4**

Although the Court can raise the statute of limitations *sua sponte*, it cannot dismiss the proceeding without first giving Defendant notice that his motion would be subject to dismissal as untimely and an opportunity to respond as required by *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Therefore, ordinarily when a § 2255 Motion is untimely on its face, the Court will direct the defendant to demonstrate either (1) that his motion was timely, or (2) that he is entitled to equitable tolling because *extraordinary circumstances beyond his control* made it impossible for him to file his motion on time. *See United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999) (emphasis added).

Because Defendant has been released and deported since he mailed his Request, the Court cannot give him the requisite notice and an opportunity respond.[2] However, even if he were still incarcerated, the Court finds it highly unlikely that Defendant would be able to meet the difficult burden required to establish grounds for equitable tolling. His request contains no facts suggestive of a reason for delay in submitting the Request. Indeed, it strains credulity to think that Defendant would serve all but six weeks of a 10-year sentence before raising the issues set forth in his Request. However, even if he were able to meet the

---

[2] An individual who has completed his period of incarceration but is subject to a term of supervised release is "in custody" for purposes of filing a § 2255 motion. *See, e.g., United States v. Cervini*, 379 F.3d 987, 989 (10th Cir. 2004); *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999); and *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995).

**Memorandum Decision and Order - 5**

requisite burden, the Request would be subject to dismissal on the merits if construed as a § 2255 motion.

### 1. Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

The *Strickland* two-part test is also applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985). To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. However, part of the prejudice

**Memorandum Decision and Order - 6**

determination is the likelihood a more favorable outcome at trial. *Id*.

Here, Defendant's Request contains vague and conclusory allegations that defense counsel's actions "were quite irregular and inappropriate;" that he spoke and answered for him without consulting him; that he did not have his best interest at heart; that he lied, made mistakes, and acted maliciously; and that "his defending efforts were Nil (sic)" because he had a conflict of interest by virtue of being an officer of the Federal Court System. *Request*, at pp. 1-2. These conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah*, 878 F.3d at 1161. However, even if they did Defendant cannot demonstrate prejudice.

Regarding the plea process, Defendant has not alleged that he would have gone to trial but for his attorney's allegedly deficient performance, and there is little likelihood that he would have prevailed at trial given the strength of the evidence against him. Regarding sentencing, counsel could not have obtained a better result given that Defendant, having more than one criminal history point, was ineligible for a sentence below the statutory minimum of 120 months. *See* 18 U.S.C. § 3553(f)(1). Therefore, even if counsel's performance had been deficient, Defendant has not demonstrated prejudice.

### 2. Involuntary Plea

**Memorandum Decision and Order - 7**

Defendant also alleges, in a slightly less vague and conclusory manner, that defense counsel essentially harassed and intimidated him and pressured him into pleading guilty even though he was innocent.  *Request*, p. 4.  The Court will construe this allegation as a claim that his plea was not knowing and voluntary.

A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent."  *Bousley v. United States,* 523 U.S. 614, 618 (1998) (citing *Brady v. United States,* 397 U.S. 742, 748 (1970)).  A guilty plea is deemed valid when a defendant is advised of the nature and elements of the charges against him and the possible punishment and understands that he is waiving his constitutional rights to avoid self-incrimination, to confront his accuser, and to have a jury decide his case. *See Brady*, 397 U.S. at 749.  Furthermore, to be valid, a plea must not be made based on threats, misrepresentations, or improper promises.  *Hill v. Lockhart,* 474 U.S. 52, 56 (1985).

It is the Court's practice to engage in an extremely thorough plea colloquy, and there is no reason to believe that it did not do so here.  The Court would have questioned Defendant under oath to determine (1) that he was competent to enter a plea of guilty; (2) that he had adequate time to discuss his case with his attorney and was satisfied with his attorney's representation; (3) that he understood the application of the guidelines; (4) that he understood that by pleading guilty, he was

**Memorandum Decision and Order - 8**

giving up certain constitutional rights; (5) and that he understood the charge to which he was pleading guilty and the applicable statutory minimum and maximum sentences.  The Court would have then had the Government set forth the elements of the offense and what the evidence would show if the case were to proceed to trial.  It would have requested Defendant to describe in his own words what made him guilty of the charge.  The Court would have thoroughly questioned Defendant about the voluntariness of the plea, his understanding of the plea agreement, and whether anyone had made any threats, promises, or predictions in connection with the plea.  Only after this thorough questioning and sworn responses of Defendant, would the Court have accepted the plea.

Declarations in open court carry a "strong presumption of verity," and the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (citations omitted).  Here, Defendant's vague allegations made on the eve of release from his ten-year sentence are insufficient to overcome the strong presumption of verity of his sworn testimony.

### 3.   Prosecutorial Misconduct

**Memorandum Decision and Order - 9**

Defendant's claims of prosecutorial misconduct under the heading of "Vindictive and Selective Prosecution" consist mainly of a string of citations to cases involving various instances of prosecutorial misconduct with no specific factual allegations tying the facts in those cases to his own circumstances. *Request*, pp. 4-5.  Rather, he refers to "numerous anomalies" on the part of the Government.  Clearly, these allegations are unsupported by specific facts as required by *Blackledge*.

    **4.**    **Vienna Convention**

Defendant alleges that the Government "did not respect the Vienna Convention Treaty." *Request*, p. 5.  He contends that the many "anomalies" in the case could have been averted had a representative of the Mexican Consul been present at all times.

The Vienna Convention is a multilateral treaty, to which both the United States and Mexico are parties, requiring consular intervention or notification in certain circumstances.  *United States v. Lombera-Camorlinga*, 206 F.3d 882, 884 (9th Cir. 2000) (en banc). Article 36 of the treaty provides that authorities "shall inform" foreign nationals of their right to notify their consulate of their arrest or detention and confers various rights on consular officers such as the right to visit the national, to converse and correspond with the national, and to arrange for his

**Memorandum Decision and Order - 10**

legal representation. *Vienna Convention on Consular Relations*, April 24, 1963, 21 U.S.T. 77, 100-01.

Both the Supreme Court and the Ninth Circuit have explicitly avoided determining whether the Vienna Convention creates a private right of action. *See Sanchez-Llamas v. Oregon*, 126 S.Ct. 2669, 2677-78 (2006) (finding that even if the Vienna Convention did create a private right of action, the claim was procedurally barred); *Lombera-Camorlinga*, 206 F.3d at 884 (finding that even if the Vienna Convention did create a private right of action, exclusion of evidence was not a contemplated remedy).

Here, the Court will likewise assume for purposes of this decision that the Vienna Convention created judicially enforceable individual rights. Nonetheless, Defendant did not allege that he did not know of the Article 36 rights, that he would have exercised the right to notify his consulate of his arrest had he known of the right, that his consul would have provided assistance, or that his consul could have assisted in a way in which his attorney had not. *See United States v. Esparza-Ponce*, 193 F.3d 1133, 1138-39 (9th Cir. 1999). Rather, Defendant's vague, conclusory, and speculative allegation that the Mexican consul could have averted the numerous "anomalies" if he had been present at all times is mere speculation and fails to demonstrate prejudice.

**Memorandum Decision and Order - 11**

### 5.     Due Process

As with his claim of prosecutorial misconduct, Defendant's claim of due process violations consists of another string of citations.  These citations refer to cases involving a variety of due process violations, none of which he tied factually to his case.  *Request*, pp. 2-3.  However, it appears that Defendant is referring to prosecutorial misconduct and/or the failure to advise him of his rights under the Vienna Convention.  However, given the Court's finding that on the prosecutorial misconduct and Vienna Convention claims, the due process claim is subject to dismissal.

## CONCLUSION

To the extent that Defendant's Request is construed as a § 2241 challenge to the lodging of a BICE detainer, it is moot but was nevertheless subject to dismissal at the time that it was filed for lack of jurisdiction.

To the extent Defendant's Request is construed as a § 2255 Motion, it is subject to dismissal for the reasons stated above.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Letter Request (Docket No. 22) is DENIED.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court mail a copy

**Memorandum Decision and Order - 12**

of this Order to Defendant in care of Eugenio Zuniga, 1022 West 19th Street, Chicago, IL  60608.



DATED:  **October 31, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 13**